UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

OSCAR GUILLEN,                          )
                                        )
                Petitioner,             )
v.                                      )       No. 2:05-cv-248-RLY-WGH
                                        )
CRAIG HANKS, Superintendent,            )
                                        )
                Respondent.             )

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, this action must be dismissed for lack of subject matter jurisdiction.

**Background**

The following is established by the pleadings and by the expanded record:

1.   Petitioner Guillen challenges his conviction in an Indiana state court docketed as No. 45D08-9210-CM-12829 (hereafter "the state conviction"). In that case, he was found guilty in 1995 of operating a vehicle while intoxicated. On May 31, 1995, Guillen was sentenced to one year imprisonment, to run concurrently with sentences in another case. No appeal from this disposition was filed.

2.   Guillen is presently in custody pursuant to a conviction other than the state conviction.

3.   Guillen was discharged from the sentence imposed for the state conviction not later than May 31, 1996. The present action was filed with the clerk on October 7, 2005, based on a habeas petition signed by Guillen on September 28, 2005.

**Discussion**

When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403 (2001) (explaining that if a prior conviction "is no longer open to direct or collateral attack in its own

right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid"). Thus, Guillen does not satisfy the "in custody" requirement of the federal habeas statute with respect to the state conviction. *Maleng v. Cook,* 490 U.S. 488, 492 (1989) (per curiam)("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."). Guillen has disclaimed any contention or suggestion that he is challenging in this case the conviction for which he is presently incarcerated. *Cf. Martin v. Deuth,* 298 F.3d 669, 671-72 (7th Cir. 2002)(a petitioner challenging a current sentence "as enhanced by [an] allegedly invalid prior conviction" satisfies the "in custody" requirement of § 2254 even though the sentence imposed for the prior conviction has expired)(citing *Maleng,* at 493).

The respondent's argument that the action must be dismissed based on Guillen's failure to satisfy the "in custody" requirement of the federal habeas statute is therefore **granted,** and this action must be **dismissed for lack of jurisdiction.** For clarity, the motions filed by Guillen on February 14, 2006, are treated as his reply to the respondent's return to order to show cause and his response to the directions issued in paragraph 2 of the Entry issued on January 24, 2006.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Date:   02/23/2006